UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES THOMAS FUJIMOTO,                )
                                      )
            Plaintiff,                )
                                      )
       v.                             )   No. 4:06-CV-1495-MLM
                                      )
FRANCIS G. SLAY, et al.,              )
                                      )
            Defendants.               )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James Thomas Fujimoto (registration no. C911399) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on October 12, 2006. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $32.83, and an average monthly account balance of $8.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.57, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355

U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a pre-trial detainee at the St. Louis City Justice Center ("STLJC"), seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Francis G. Slay (St. Louis City Mayor), Samuel J. Simon (Director, Department of Public Safety), and Gene Stubblefield (Superintendent).

Plaintiff summarily alleges that "[i]nmates . . . are being denied meaningful access to the law library and courts, even though repeated requests have been made for access." Plaintiff's allegations do not state an access-to-the-courts claim, because he has not alleged that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

In addition, plaintiff claims that (1) in August 2006, STLJC inmates "were held incommunicado for 5 days with no visits, phone, or stamps"; (2) it is cruel and unusual punishment to place "2 inmates in single man cells for 3+ weeks at a time when there is a whole floor (5) that is ready for operation"; and (3) it is cruel and unusual punishment to be locked-down "20+ hours . . . per day without access to reading materials or anything to pass the oppressive pretrial incarceration despite the flourishing inmate account which is being abused by the misappropriation of its funds." Plaintiff's claims do not rise to the level of a constitutional violation, and although the Court must liberally construe the factual allegations, the Court will not supply additional facts for plaintiff or construct a legal theory as to each of the named defendants that assumes facts that have not been pleaded.[1]

In accordance with the foregoing,

---

[1] "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that the named defendants were directly involved in or personally responsible for the violation of his constitutional rights.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of January, 2007

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**